Argued September 9, reversed and remanded October 19, 1966

# STATE DEPARTMENT OF AGRICULTURE v. WATKINS
### 419 P. 2d 26

*Helen B. Kalil,* Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Robert Y. Thornton, Attorney General, Don Parker, C. D. Royal and Harold E. Burke, Assistant Attorneys General, Salem.

No appearance for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Denecke, Holman and Lusk, Justices.

SLOAN, J.

The department brought this action to enforce what it alleged were violations of the Milk Marketing Act, ORS Chapter 583 and of the department's regulations. The trial court held that statutes did not authorize the department to impose its price regulation authority on the transactions involved here and that the only form of enforcement available to the department was to invoke a criminal sanction. The department appeals. Respondent did not file a brief nor, of course, argue the case.

The alleged violation involved a purchase of milk by defendant, a milk handler, from another handler named Deetz for less than the minimum price fixed by the department. An audit of defendant's records, as authorized by ORS 583.076, revealed that defendant had made the purchase from Deetz at less than the minimum price. Following subsequent proceedings, required by statute, ORS 583.086, the department di-

rected defendant to pay Deetz the difference between the price paid and minimum price fixed by the department. Defendant refused to comply with the order and this action followed. The action is authorized by ORS 583.106.

The trial court held that the statute (ORS 583.505) which authorized the department to fix minimum prices was limited to the price paid by a handler to a producer. ORS 583.505 required "* * * the department shall establish by order minimum prices for the sale of Class 1 and Class 2 milk by producers to handlers." The trial court concluded that this was the limit of the department's authority to fix prices. That statute lends itself to that interpretation.

However, ORS 583.530 (2) provides:

"(2) No handler shall buy or offer to buy from a handler, producer, producer's agent or cooperative corporation or association, and no handler, producer, producer's agent or cooperative corporation or association shall sell or offer to sell to a handler, any Class 1 or Class 2 milk at a price less than that established under ORS 583.505."

■■ Even though ORS 583.505 does not specifically authorize the department to fix minimum prices for sales between handlers, ORS 583.530 (2), just quoted, clearly and definitely compels handlers to observe and pay the minimum prices established for sales from a producer to a handler. There is no doubt that the department was authorized to demand that the price paid by defendant to Deetz must have equalled the established minimum price. The only question is what authority does the department have to enforce its demand.

■ As we have mentioned the trial court concluded

that because ORS 583.530 (2) is a prohibition it must be enforced by criminal action. However, we think ORS 583.106 permits a civil action to enforce compliance with the department's order. Subsection (3) of ORS 583.106 provides that:

"If the findings of the department include a requirement that the handler or person make payment to producers or persons for milk, the court shall order such handler or person to make payment. * * *."

If there is any doubt as to the application of ORS 583.106 it is settled by ORS 583.540 (2) which reads:

"The provisions of ORS 583.002, 583.004 and 583.405 to 583.545 or violations thereof may be enforced under and as a part of the provisions of ORS 583.006 to 583.166."

■ Accordingly, we hold that the last quoted statute does authorize the present action and that the department was entitled to a judgment for the undisputed amount it sought to compel defendant to pay.

The cause is reversed and remanded with directions to enter judgment accordingly.